**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 96-4420

DARRYL ANTON HARRIS, a/k/a Chub,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-95-5)

Submitted: June 19, 1997

Decided: July 7, 1997

Before WILKINS and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Calvin E. Murphy, MURPHY & CHAPMAN, P.A., Charlotte, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darryl Anton Harris pled guilty to one count of conspiracy to distribute and possess with intent to distribute a quantity of cocaine and cocaine base and conspiracy to distribute and possess with intent to distribute cocaine and cocaine base within 1000 feet of a protected area in violation of 21 U.S.C. § 846 (1994).

Harris entered into a plea agreement and waived his right to appeal his sentence as long as it did not exceed the maximum sentence under the Guidelines. On appeal he raises several sentencing issues. In a short statement in his brief, Harris argues that his waiver of appeal rights was voided by the Government's refusal to recommend a sentence reduction under USSG § 5K1.1. Harris's plea agreement, however, provides that the Government retained sole discretion to determine if assistance was substantial.

A waiver of appeal provision in a valid plea agreement is enforceable if it is the result of a knowing and intelligent decision to relinquish the right to appeal. United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3817 (U.S. May 15, 1995) (No. 94-1404); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). The Defendant does not contend that his waiver was not knowing and intelligent.

A general waiver of appeal rights does not bar appeal of claims such as a sentence impermissibly based on race or in excess of the statutory maximum, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings following the guilty plea conducted in violation of the Sixth Amendment right to counsel. Attar, 38 F.3d at 732-33. Such waivers do apply to bar appeals based on improper application of the sentencing guidelines or a violation of a procedural rule. Marin, 961 F.2d at 496. Harris does not contend that his sentence was

2

based on race or any other impermissible factor. Consequently, we find that the waivers are valid and enforceable.

The plea agreement clearly reserves to the Government the sole discretion to decide whether to file a motion for a downward departure based upon substantial assistance. The Government did not breach the plea agreement by failing to move for a reduction because no enforceable obligation was created in the plea agreement. United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). Because the decision to make the downward departure motion is within the sole discretion of the government, the decision is not reviewable unless the government based its decision upon an unconstitutional factor, such as race. See Wade v. United States, 504 U.S. 181, 185-87 (1992). There is no evidence that the Government's failure to move for a departure was based on an unconstitutional motive, and Harris does not make such an allegation. We find that the plea agreement did not require the Government to move for a downward departure, and therefore the failure to so move does not constitute a violation of due process and was not a violation of the plea agreement. The Government, therefore, did not void Harris's waiver of right to appeal.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3